

**VIA ECF**
Hon. Kathleen Tomlinson
United States Magistrate Judge
United States Courthouse
Eastern District of NY


December 18th, 2020

Your Honor,

      This firm represents Plaintiff Francisco Donis Ortega ("Plaintiffs") in the above-referenced matter. Plaintiff writes jointly with Defendant to request that the Court approve the settlement agreement ("the Agreement") reached by the parties herein as "fair and reasonable." *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335-36 (S.D.N.Y. 2012). The Agreement is attached hereto as Exhibit A.

Consistent with the Court's order, the purpose of this letter is two-fold. First, the letter will provide further support for the fair and reasonable settlement sum of $15,0000. Second, the letter will provide the Court with the requested information regarding the attorneys' fees so that the Court can determine whether the requested fee award of $5,000 is appropriate.

Accordingly, the parties respectfully request that the Court approve the proposed settlement. and Defendants have considered that the interests of all concerned are best served by compromise, settlement and dismissal of these claims with prejudice, in exchange for consideration as set forth in the Agreement.


                                              /s/Lina Stillman

                                              /s/Cary Kessler

I. **Statement of the Case**

This is an action for money damages originally brought by Plaintiff Francisco Ortega  On <u>June 19, 2020</u> Plaintiff filed the original Complaint in this action, alleging violations of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and violations of the New York Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"). Specifically, Plaintiff was employed by Defendants as cook.

Plaintiff alleged Defendants engaged in a wide variety of FLSA and NYLL violations, including failure to pay his appropriate overtime and violation of the annual notice and wage statement requirements of the New York Labor Law (N.Y. Lab. Law. §195).  Defendants were not able to provide proof that the notice requirements were met.

In a good faith effort to resolve this case amicably, the parties then negotiated and came to an agreement with regards to an appropriate amount of compensation to settle the wage and hour claims, including back wages, liquidated damages, and interest, which amounts are set forth in the Agreement.

II. **The Proposed Settlement is Fair and Reasonable**

Under the settlement, Defendants will pay <u>$15,000 </u>to settle all is claims.  Under *Lynn's Food*, a court may approve a settlement where it "reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'"  *Le v. Sita Information Networking Computing USA, Inc.*, No. 07 Civ. 0086, 2008 U.S. Dist. LEXIS 46174 at *2 (E.D.N.Y. June 12, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); *see also Kopera v. Home Depot U.S.A., Inc.*, No. 09 Civ. 8337, 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. June 24, 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved.").

After examining Defendant's records, Plaintiff's estimate of his damages if they were fully successful on all of their arguments at trial are <u>$18,609 excluding</u> attorney's fees, costs and liquidated damages.. It does include New York Labor Law violations for notice and record keeping violations

Aside from merits considerations, the proposed settlement is heavily motivated by considerations of collectability for the Plaintiff. Accordingly, even if Plaintiffs were to obtain a judgment for the full amount of his claimed damages, it is not clear that he be able to collect any funds.  Any attempts to collect on the judgment would be time-consuming, as well as implicate issues of enforcement. Accordingly, despite Plaintiffs' counsels' belief that he could obtain a more money in this matter, Plaintiff himself ultimately chose the certainty of an agreed-upon settlement, which also allowed them to avoid the uncertainties of trial. The proposed settlement

represents a reasonable compromise between the strength of Plaintiffs' claims and Defendants' financial situation.

The total settlement amount of $15,000 will be distributed in accordance with the enclosed Settlement Agreement. Defendants and Plaintiffs have been diligently working at settling this matter and have exchanged records and computations.

### III. Plaintiffs' Attorneys' Fees are Fair and Reasonable

Under the settlement, Plaintiff's counsel will receive $5,000 from the settlement fund as attorneys' fees. This represents a third (33.33%) of the settlement fund and constitutes the number reflected in the Plaintiff's retainer agreement including costs.

We respectfully ask that the Court recognize that Plaintiff's counsel has spent a significant amount of time and resources to advocate for his client and at the same time come to an agreement with Defendants.

The amount provided to Plaintiff' counsel under the settlement is fair and reasonable and well within the range of fees typically awarded in cases in this Circuit. *See Castaneda v. My Belly's Playlist LLC,* No. 15 Civ. 1324 (JCF) (S.D.N.Y. Aug. 17, 2015) (Francis, M.J.) (awarding the Plaintiff's attorneys a contingency fee of one-third to account for risks in litigation); *see also Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit."). In light of the nature of the issues herein, and the extensive negotiations necessary to reach the agreed-upon settlement, Plaintiff requested award is reasonable. *See Alleyne v. Time Moving & Storage Inc.*, 264 F.R.D. at 60; *see also McDaniel v. Cnty. of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010). Additionally, everyone covered by this settlement has already agreed to the fee provided for in the settlement.

Given plaintiff's counsel's significant experience representing plaintiffs in the New York City in wage and hour litigation, counsel was able to obtain a good result with relatively low time and expense. A brief biography of the attorney who performed billed work in this matter is as follows:

> a. Lina Stillman is the Managing Member of Stillman Legal, P.C, and has been practicing law since 2012. She has been concentrated fully in the area of of Labor and Employment with emphasis on wage and hour litigation. In 2015, she opened a law firm in response to the immigrant community need for Spanish Speaking attorneys to care for their interests exclusively. She is an active member of the New York City Bar Association and the New York Chapter of the National Employment Lawyers Association.

**Conclusion**

In full consideration of all the issues, we believe that the parties' agreement is fair and reasonable, and that the settlement should be approved.

Should Your Honor have any questions or concerns regarding this settlement, the parties are happy to address them. The parties thank the Court for its attention to this matter.

Respectfully submitted,

/s/Lina Stillman
STILLMAN LEGAL, PC
Attorneys for the Plaintiff


Enclosures