**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------------X

FRANCISCO DONIS ORTEGA individually and
on behalf of all other employees similarly situated,

                        Plaintiff,

        -against-                                    CV 20-2733 (AKT)

ANTONIO GOMEZ and FUEGO PICANTE
CORP. (DBA AS FUEGO PICANTE
GUATEMALTECO) jointly and severally,

                        Defendants.

----------------------------------------------------------------X

**ORDER OF APPROVAL OF SETTLEMENT**
**AND DISMISSAL WITH PREJUDICE OF CLAIMS**

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

       The Court, having reviewed the Complaint filed in this case by FRANCISCO DONIS ORTEGA ("Plaintiff")[1] as well as the Defendants' Amended Answer to the Complaint; having assessed the claims and defenses raised by the Parties; having conferred with counsel at the Initial Conference; having taken into account the Parties' exchange of documents prior to the settlement; having reviewed the damages calculations; having considered the attorney's fee request; having considered the applicable case law; having carefully reviewed the proposed

---

[1] This case was originally filed in June 2020 as a putative collective action under the FLSA. However, counsel for the Plaintiff never filed a motion for conditional certification and notified the Court that the parties settled this matter solely on behalf of named Plaintiff Ortega. Consequently, this case has proceeded as a single plaintiff action.

Settlement Agreement and General Release; and for good cause shown, hereby ORDERS, ADJUDGES, and DECREES that:

1.  The Settlement Agreement, to the extent it addresses claims under the Fair Labor Standards Act ("FLSA"): (a) is the result of arm's-length negotiations between experienced counsel; (b) reasonably resolves a bona fide disagreement between the Parties with regard to the merits of the Plaintiff's claims; (c) is fair to all Parties; and (d) demonstrates a good-faith intention by the Parties (i) to fully and finally resolve the Plaintiff's claims for liability and damages on the basis of Plaintiff's disputed wages and (ii) not to re-litigate in whole or in part, at any point in the future, the claims raised in this litigation or which could have been raised in this litigation concerning the Plaintiff's wages.

2.  The Settlement Agreement meets the standard set forth in *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332 (S.D.N.Y. 2012) in that: (a) the Plaintiffs' range of possible recovery is tempered by the risk of being able to collect on a larger judgment if this case went to trial in light of Defendants' asserted financial circumstances; (b) the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (c) the potential outcome is affected by the Parties' dispute over the total number of hours for which Plaintiff is entitled to be compensated; (d) the potential exists of defense witnesses providing testimony in conflict with the Plaintiffs' testimony; (e) Plaintiff faces the risk of delay of payment if the litigation proceeds in addition to the risk of an adverse finding and the prospect of an appeal; (f) the settlement is clearly the product of arm's-length negotiations between experienced counsel; and (g) the totality of the circumstances and the progression of this case demonstrate the lack of fraud or collusion. *See Wolinsky*, 900 F. Supp. 2d at 335 (internal quotations omitted).

3. The Settlement Agreement complies with the Second Circuit's guidance in *Cheeks v. Freeport Pancake House*, 796 F.3d 199 (2d Cir. 2015) because: (a) there are no restrictive confidentiality provisions which would otherwise conflict with the remedial purposes of the FLSA; (b) the release is tailored to the claims asserted in this litigation; and (c) the attorney's fees, which equate to approximately one-third of the total settlement amount, are fair and consistent with the provisions of the retainer agreement between Plaintiff and his counsel.

4. Having reviewed the Settlement Agreement provision regarding attorney's fees, the Court finds that the apportionment of approximately one-third of the settlement amount to the attorney's fees (*i.e.*, $5,000, including costs), as provided in the Settlement Agreement, is a fair and reasonable reflection of the services rendered to the Plaintiff by his counsel, Stillman Legal, P.C., by Lina Stillman, Esq.  *See* Settlement Agreement, attached as Ex. A to Plaintiff's Mot. for Settlement Approval.  *See* December 18, 2020 Stillman Letter Motion ("Pl.'s Mot.") [DE 24]. Such apportionment is well within the parameters set by courts in this Circuit.  *See, e.g., Bondi v. DeFalco*, No. 17-CV-5681, 2020 WL 2476006, at *7 (S.D.N.Y. May 13, 2020); *Oxley v. Excellent Home Care Services, LLC*, 18 CV 2374, 2020 WL 589581, at *3 (E.D.N.Y. Jan. 8, 2020); *Pearlman v. Cablevision Systems Corporation*, CV 10-4992, 2019 WL 3974358, at *3 (E.D.N.Y. Aug. 20, 2019); *Aguirre v. Torino Pizza, Inc.*, No. 18-CV-2004, 2019 WL 126059*4 (S.D.N.Y. Jan. 8, 2019)*; Cohan v. Columbia Sussex Mgmt., LLC,* No. 12 Civ. 3203, (2018 WL 4861391, at *2 (E.D.N.Y. Sept. 28, 2018); *Alvarez v. Sterling Portfolio Inv., LP*, 16 Civ. 5337, 2017 WL 8790990, at *4-5 (E.D.N.Y. Dec. 13, 2017); *Ezpino v. CDL Underground Specialists, Inc.*, 14 Civ. 3173, 2017 WL 3037483, at *3 (E.D.N.Y. June 30, 2017); *Pucciarelli v. Lakeview Cars, Inc.*, 16 Civ. 4751, 2017 WL 2778029, at *2 (E.D.N.Y. June 26, 2017); *Karic v. Major Auto. Cos.*, 09 Civ. 5708, 2016 WL 1745037, at *8 (E.D.N.Y. Apr. 27, 2016).

The Court has also used counsel's lodestar to cross-check the reasonableness of the percentage fee. *See* Pl.'s Mot.; Contemporaneous Billing Records, attached as Ex. C to Pl.'s Mot. [DE 21-2]. The lodestar is based on the number of hours expended on the case multiplied by counsel's hourly rate. "Because the lodestar is being used merely as a cross-check, it is unnecessary for the Court to delve into each hour of work that was performed by counsel to ascertain whether the number of hours reportedly expended was reasonable." *In re Citigroup Inc. Sec. Litig.*, 965 F. Supp. 2d 369, 388–89 (S.D.N.Y. 2013) (quoting *In re IPO Sec. Litig.*, 671 F. Supp. 2d 467, 506 (S.D.N.Y. 2009)). "Courts may use their discretion to increase the lodestar by applying a multiplier based on factors such as the riskiness of the litigation and the quality of the attorneys." *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F. 3d 96, 123 (2d Cir 2005).

All of the hours reflected in the contemporaneous billing records were expended by lead counsel Lina Stillman, Esq., whose biographical data the Court has considered. These hourly rates are within the range of reasonableness for attorneys practicing in this area of the law within the Eastern District of New York. Most significantly, the one-third apportionment of fees ultimately agreed upon by the Stillman firm in this action is several thousand dollars less than the lodestar amount which the firm would otherwise have billed on an hourly basis.

5.  In light of the foregoing factors, the Court finds the Settlement Agreement to be fair and reasonable. The settlement is therefore APPROVED by the Court.

6.  Each party shall bear its own costs, except as provided to the contrary in the Settlement Agreement and in this Order.

7.  The approval of this Settlement Agreement is contingent upon the Court receiving a fully executed Stipulation of Discontinuance within 21 days of entry of this Order.

8.      Upon receipt of the fully executed Stipulation of Dismissal, this lawsuit and the claims of the Plaintiff asserted in it will be DISMISSED, WITH PREJUDICE, in their entirety. At that time, the Court will direct the Clerk's Office to close this case.

**SO ORDERED.**

Dated: Central Islip, New York
April 19, 2021

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge

5